Defendant-appellant, Timothy J. Cox, appeals from the judgment of conviction of the Franklin County Court of Common Pleas finding him guilty of two counts of trafficking in cocaine, third degree felonies in violation of R.C. 2925.03, and one count of possession of cocaine, a fourth degree felony in violation of R.C. 2925.11. For the reasons that follow, we affirm the judgment of the trial court.
Appellant was indicted on July 16, 1998, on three counts of trafficking in cocaine and one count of possession of cocaine. Appellant failed to appear at the originally scheduled trial set for October 1998. Appellant was arrested on February 18, 1999, and the case was restored to the active docket and set for trial on April 21, 1999. The case was again continued until June 30, 1999. On May 25, 1999, appellant's retained counsel moved to withdraw due to a conflict between counsel and appellant. The trial court granted the motion on May 25, 1999, and appointed new counsel to represent appellant. The trial was continued until August 19, 1999, due to an ongoing aggravated murder trial in the trial court. Upon motion of counsel for the defense, the trial was continued again until October 25, 1999. Defense counsel was granted another continuance until November 15, 1999, due to counsel's unavailability. The trial was again continued until January 31, 2000, and continued again until April 4, 2000. Defense counsel was again unavailable and the case was continued until April 17, 2000.
On the morning of April 17, 2000, and outside the presence of the jury, appellant informed the trial court that he was dissatisfied with his court-appointed counsel and wanted to hire new counsel. The trial court engaged in the following dialogue with appellant:
 THE COURT: Excuse me. Mr. Cox, make sure that whatever you say is alright with your attorney, because we are on the record. And I wouldn't want you to inadvertently say anything that might be prejudicial against you.
 THE DEFENDANT: I just wanted to address this to you, sir. Your Honor, you know, this case has been going on for 14 months now. My felonious assault is over three years old. I initially hired George Luther and paid him seven thousand dollars. Your Honor, you took him off the case. I was appointed Mr. Suhr.
 With all due respect to Mr. Suhr, I don't feel comfortable with him as my attorney representing me. I just don't feel like I could get a fair trial. I have been told by a couple of lawyers, George Luther and a couple of others I don't know if it is true or not. They tell me you have got it in for me.
THE COURT: I have it in for you?
 THE DEFENDANT: Yes, sir. I mean, this is what they told me. I want to know, because I am not too familiar with this. They tell me Bessey has got it in for you, and he wants to stroke you because of whatever. I don't know. I don't feel comfortable right now, Mr. Bessey. I would like to hire new counsel, sir.
 THE COURT: I am not going to be able to allow you to do that. Let me backup for a minute.
What happened to Mr. Luther in this case?
 THE DEFENDANT: I received a letter in the mail from Mr. Luther while I was in the county stating that he was being taken off the case with his signature on it. He had your signature on it appointing Mr. Suhr on the case.
 THE COURT: A couple of things I would like to share with you, Mr. Cox. I am sorry, but I truly don't know anything about you at all. And I certainly have no reason whatsoever to in fact, I don't ever get I just don't get mad at people that come in my courtroom as defendants. That is not my style.
 I am kind of hurt that anybody would tell you that I have it in for you, because that is just not what I am all about. I have never felt like I was a failure as a Judge.
 Let me talk to you a little bit. The reason Mr. Suhr is sitting in that chair is because these cases are serious cases. I have a group of seven or eight attorneys. When I get into a serious case, I ask one of those attorneys to represent the defendant. And Mr. Suhr is in that small group of people that I use for difficult cases. And that is why I appointed him.
 I appointed him because, in my estimation, he is an excellent attorney. And he is a good attorney to have when the sledding is going to get kind of tough. It sounds like what we are looking at here.
 These cases are getting old and we need to move forward. We need to get closure on them. It is better if you have confidence in your attorney, and I hope you have confidence in Mr. Suhr. He is sitting there because he will do a good job for you.
 You have got to understand something. The attorneys don't make the facts. He may have been talking to you about pleas and that sort of thing. It might be his opinion that that is in your best interest. But he understands that you are the boss. If you don't want to plea, he is going to give you a very good trial. Don't worry about that at all.
 THE DEFENDANT: I understand, your Honor. I appreciate the concern with appointing a good lawyer. I respect Mr. Suhr. I have nothing against him. I just really don't feel comfortable. All I want to get is a fair trial, your Honor.
 I have been trying to get to this Felonious Assault and get this over with. I have been trying to go to trial. It is getting pushed around. I just totally would feel more comfortable if I could hire another lawyer.
 THE COURT: I am sorry. I can't do that. If I had known about it beforehand, it might have been something I would have considered.
 There is a jury waiting outside to come in. These cases are very old. It is not fair to you to keep you waiting any longer. We are going to have to to go ahead today and commence this trial.
 THE DEFENDANT: Okay, your Honor. I just wanted to address the issues.
THE COURT: That's fine. [Tr. at 7-11.]
A nolle prosequi was entered as to one of the trafficking counts as the prosecution did not wish to disclose the identity of a cooperating witness. The matter was tried to a jury, and the jury returned guilty verdicts on all the remaining counts. The trial court sentenced appellant to three years imprisonment on count one (trafficking) and four years imprisonment on count three (trafficking) to run consecutive to each other, and seventeen months on the possession count to run concurrent to the trafficking counts.
On appeal, appellant assigns as error the following:
 The court erroneously refused [to] permit appellant to retain new counsel, denying his right to counsel of choice as guaranteed by the Sixth Amendment and Article I, Section 10 of the Ohio Constitution.
Appellant claims the trial court erred in denying his request to hire new counsel made on the day of trial. We disagree.
A trial court's decision regarding a request for new counsel is governed by an abuse of discretion standard. State v. McNeill (1998),83 Ohio St.3d 438, 452. The right to retain counsel of one's choice is not an absolute right. State v. Long (Feb. 6, 1997), Franklin App. No. 96APA04-511, unreported. Although a defendant must be given reasonable initial opportunity to retain counsel of his or her choice, a court may deny a request for a continuance to retain new counsel if, in balancing the defendant's right to retain new counsel against the public's interest in the prompt, efficient, and orderly administration of justice, the totality of the circumstances indicates that delay would be unreasonable. Id.
Here, the record establishes that appellant's basis for his dissatisfaction with appointed counsel was unsubstantiated and did not warrant a change in counsel. Appellant's only articulated reason for requesting new counsel was that he did not feel "comfortable." Appellant stated that he "had nothing against" appointed counsel. The trial date had been continued many times after new counsel was appointed, and appellant had an ample opportunity to raise the issue before trial. Instead, appellant waited until the day of trial with a jury waiting before he raised the issue. It appears from the record that appellant's desire for new counsel was more related to appellant's desire to have other charges disposed of before the drug charges came to trial rather than any real dissatisfaction with trial counsel's performance. Had the court allowed new counsel to represent appellant, the trial court would have had to grant a continuance. The trial court did not abuse its discretion in denying the motion. The assignment of error is not well-taken.
Based on the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________ LAZARUS, J.
DESHLER and KENNEDY, JJ., concur.